Filed 10/19/21 P. v. Roberson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B305909 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A394764) |
| v. | |
| KEITH CONEY ROBERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David V. Herriford, Judge. Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and David W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

—————————

Keith Coney Roberson appeals from an order summarily denying his petition for resentencing of his murder conviction pursuant to Penal Code[1] section 1170.95.  A jury convicted Roberson in 1985 of first degree murder (§ 187, subd. (a); count 1) and robbery (§ 211; count 2).  The jury found true the special circumstance that Roberson committed the murder in the commission of the robbery.  (§ 190.2, subd. (a)(17).)  The jury also found true that Roberson personally used a firearm as to both counts.  (§ 12022.5.)  Roberson was sentenced to life without possibility of parole plus a 10-year consecutive sentence for the prior convictions; as to count 2 the prison sentence was stayed.  In January 1987, we affirmed Roberson's conviction.  (*People v. Roberson* (Jan. 30, 1987, B016043) [nonpub. opn.].)[2]

Roberson argues that because the felony murder rule in 1985 allowed for a first degree murder conviction without a finding of malice aforethought, the petition was wrongly denied.  We conclude that because the record of conviction conclusively demonstrates Roberson was the actual killer, he is ineligible for relief as a matter of law.  We therefore affirm.

## BACKGROUND

In the prior opinion on Roberson's direct appeal, this court described the facts of the case as follows:

"Carolyn Stanley (Stanley) and Lisa Ray (Ray) were with Marlon Bradley (Bradley) in his customized Chevrolet convertible in the late evening hours of August 7, 1983.  Bradley was in the

---

[1] All further statutory references are to the Penal Code.

[2] We augmented the record at Roberson's request to include the appellate opinion.

driver's seat, Stanley in the passenger seat with Ray standing outside the car when a person identified as Roberson came up to Bradley and said, 'Get out of the car, man.' When Bradley said no, Roberson pulled out a gun and fired one shot at close range.

"Bradley jumped out while Stanley rolled out of the Chevrolet as Roberson started driving the car. Bradley expired from the bullet wound that entered his upper back and went through the heart.

"The prosecution case rested primarily on the positive identification of Roberson by Stanley and the testimony of Stanley Tyrone Greene (Greene), Robert Sanders (Sanders) and Don Roberson (Don).

"Greene testified he was with Roberson when Roberson saw Bradley's car and stated he had to have it. Roberson exited his vehicle with a gun despite Greene's objection that he, Greene, knew Bradley and his brother. He believed Roberson was going to take the car but did not expect any shooting. After Greene heard the one shot, he saw Bradley's car drive off without its lights on. Greene then drove Roberson's car to his house where Roberson was changing a tire on the Bradley vehicle. Roberson said he had to shoot that fool because he called him a punk and wouldn't get out.

"The next day both Greene and Roberson returned to work on the Bradley car. Don, appellant's uncle came over with Sanders after he was told by Roberson that he had 'knocked a G' (i.e., stolen a car). Sanders was interested in spare parts for his own inoperative Chevrolet. While Roberson and Greene were dismantling the Bradley car, Sanders overheard appellant tell Don that he had shot the victim when Bradley called him a punk and hesitated at his order to exit the convertible. In addition,

3

Roberson demonstrated how he held the gun in his outstretched right hand with his left hand supporting his right when he shot Bradley. Don in his testimony denied this conversation and demonstration ever occurred.

"A day or two later, Roberson was told by Greene that Bradley had died. Roberson appeared shocked but said nothing. Don was close by and asked Roberson what happened. Appellant responded that when some fool tried to draw down on him, he got off first.

"In his defense Roberson testified that he was at a relative's house that evening with Rufus Terrell and had lent his car to Greene around 8:00 p.m. Greene returned at 10:30 p.m. driving Bradley's Chevrolet, with an unknown male black driving Roberson's car. Terrell substantiated the alibi defense. In addition to this evidence, Paul Smith [fn. omitted] testified that he knew Greene and had sold drugs with him for approximately five months. During this time period Greene confided in Smith and told him he had accidentally shot someone and accused Roberson of the charge because he couldn't do time."

On February 26, 2020, Roberson filed a habeas corpus petition in the superior court and attached a pre-printed section 1170.95 petition, marking the box requesting that counsel be appointed. The trial court deemed the habeas petition sufficient for purposes of review under section 1170.95. Roberson asserted the jury was instructed on the felony-murder theory of liability, which is no longer a basis for conviction of first degree murder; that he did not act with intent to kill; that he was not a major participant in the felony and did not act with reckless indifference to human life. Roberson did not check the box that he was not "the actual killer."

On March 24, 2020, the trial court reviewed the petition. Counsel was not appointed, and Roberson was not present. The trial court denied the petition, finding that Roberson was the actual killer and that the jury found true he personally used a firearm and committed the killing in the course of the robbery with the intent to kill.[3]

## DISCUSSION

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) It accomplished this by amending section 188, subdivision (a)(3), to require that all principals to murder must act with express or implied malice to be convicted of that crime, unless they are convicted of felony murder under

---

[3] The minute order stated, "On July 8, 1985, a jury found defendant guilty of on[e] count of first degree murder in violation of . . . section 187[, subdivision] (a) and one count of robbery in violation of . . . section 211. The jury further found true as to each count the defendant personally use[d] a firearm within the meaning of . . . section 12022.2 and found true a special circumstance allegation pursuant to . . . section 190.2[, subdivision] (a)(17) to be true. . . . [¶] A review of the file indicates that the defendant was the person who killed Marlon Bradley, the decedent in this case. Pursuant to . . . section 189[, subdivision] (e)(1), he is not entitled to relief. The petition is denied."

section 189, subdivision (e). For felony murder convictions under section 189, subdivision (e), Senate Bill No. 1437 requires that the defendant be the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3.)

In *Lewis*, *supra*, 11 Cal.5th at page 956, our Supreme Court held that "the statutory language and legislative intent of section 1170.95 make clear that [a petitioner is] entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' "

Here, the People concede that the trial court erred in not appointing counsel. However, *Lewis*, *supra*, 11 Cal.5th at pages 957 to 958 held that "the deprivation of . . . counsel under subdivision (c) of section 1170.95 was state law error only, and tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818."

*Lewis* makes clear there is no prejudice if the petitioner is ineligible for relief as a matter of law. This occurs when the record of conviction shows that he could not have been convicted under any theory of liability affected by Senate Bill No. 1437— such as where the petitioner is the actual killer. "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

Appellate opinions are considered a part of the record of conviction.  (*Ibid*.)

Roberson was charged with first degree murder, and the jury was instructed on the felony murder theory of liability for murder.  Roberson correctly argues that under the felony-murder rule in place at the time of his conviction in 1985, he could be convicted of first degree murder without a finding of intent to kill.  However, section 1170.95 makes clear that relief does not extend to defendants who were actual killers, with or without malice.

Our review of the appellate record makes it clear that Roberson was the actual killer.  At trial, the prosecution theory was that Roberson acted alone and killed the victim in the course of a robbery.  The evidence presented showed that the victim died from a single gunshot wound.  Because the jury found that Roberson had personally used a firearm, it follows ineluctably that Roberson fired the gun and was the actual killer.  Additionally, in his direct appeal, Roberson never argued that the evidence was insufficient to uphold any of the jury verdicts.  Moreover, in his petition, Roberson did not mark the box that he was not the actual killer; as noted, his focus was on the now abrogated felony-murder theory in place in 1985.[4]  Finally, at the time of Roberson's conviction in 1985, a felony-murder special circumstance required the jury to find an intent to kill.  The jury was specifically instructed that "for the special circumstance to be found true, you need to make another finding which is that

---

[4] In his petition, Roberson states that his "foremost argument . . . is that none of the circumstances in this matter points to the now requisite 'malice aforethought' to prove intentful homicide."

7

Mr. Roberson . . . intended to kill at the time he committed the killing."

Roberson argues that "[c]ounsel could have assisted [him] in asserting a prima facie factual case that his conviction for murder fell within the provisions of [Senate Bill No.] 1437." We disagree. There is no prejudice where the "record of conviction . . . *conclusively establishes* . . . the requisite acts and . . . intent." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230.)

Roberson does not explain how he might conceivably establish prejudice, given the jury's findings. It is not enough to baldly state that the "record showed a disputed issue requiring an evidentiary hearing." The only disputed issue was resolved by the jury in 1985 when they determined that Roberson was the actual killer.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

HILL, J.*

We concur:

EDMON, P. J.          EGERTON, J.

---

* Judge of the Superior Court of Santa Barbara County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8